***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before the Deputy Commissioner and the submissions to the Full Commission. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order. Accordingly, the Full Commission affirms the Decision and Order of the Deputy Commissioner.
 ***********
Based on the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. A hearing on defendant's Motion To Dismiss was held on July 20, 2007 before the Deputy Commissioner, who dismissed plaintiff's claim. Plaintiff appealed to the Full Commission. *Page 2 
2. Plaintiff alleged in his Affidavit and at the hearing before the Deputy Commissioner that defendant's correctional officers assaulted him.
3. Defendant moved to dismiss plaintiff's claim asserting lack of subject matter jurisdiction on the basis that plaintiff alleged intentional acts.
 ***********
Based on the foregoing Findings of Fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkir v.N.C. State University, 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
2. N.C. Gen. Stat. § 143-291(a) confers upon the Industrial Commission jurisdiction to hear tort claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State.
3. Plaintiff's allegations in the Affidavit and argument before the Deputy Commissioner, taken as true, amount to allegations of intentional acts on the part of defendant.
4. Claims based on intentional acts are not within the scope of the Tort Claims Act. See N.C. Gen. Stat. § 143-291. Therefore, the Industrial Commission lacks subject matter jurisdiction over the claims of intentional acts and constitutional violations.
 ***********
Based upon the foregoing Findings of Facts and Conclusions of Law, the Full Commission enters the following: *Page 3 
 ORDER
1. Plaintiff's claim under the State Tort Claims Act must be and is hereby dismissed with prejudice.
2. No costs are taxed as plaintiff was permitted to file this civil action in forma pauperis.
This the 18th day of March 2007.
 S/___________________
 PAMELA T. YOUNG
 COMMISSIONER
CONCURRING:
S/___________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
S/___________________ CHRISTOPHER SCOTT COMMISSIONER *Page 1